PHILIP J. SHEEHAN ET AL. *v.* DAVID ALTSCHULER ET AL.

KING, MURPHY, SHEA, TROLAND and ROBERTS, Js.

Argued May 9—decided July 5, 1961

*Charles L. Flynn,* for the appellants (plaintiffs).

*Jack B. Talsky,* for the appellees (named defendant et al.).

*William L. Hadden, Sr.,* for the appellee (defendant Gosselin).

ROBERTS, J. The plaintiffs instituted this action for a declaratory judgment concerning redevelopment in the town of West Haven. The answers to numerous questions were sought. The court answered the questions and in doing so sustained the redevelopment program. The plaintiffs have appealed.

A determination concerning (1) the legality of the creation of the redevelopment agency, (2) the validity of the redevelopment plan under which the agency purported to act, and (3) the legality of the contract to sell the area in question to the defendant Arthur Gosselin, a redeveloper, is sufficiently determinative of the appeal without consideration of the other questions raised therein.

The facts found, so far as they are essential to a determination of the three questions above and are not incorporated elsewhere in this opinion, can be summarized as follows: The plaintiffs are taxpayers in West Haven and, with the exception of George Self, residents of the town. Two own property within the area bordered on the north by Main Street extended; on the east by New Haven harbor; on the south by Sandy Point; and on the west by First Avenue. The area is zoned residence B, with some nonconforming uses. West Haven is governed by a representative town meeting, hereinafter referred to as the RTM. The legislative powers of the town, except as to public health and zoning, are vested in the RTM. On or about February 28, 1958, the RTM enacted an ordinance purporting to create a redevelopment agency for the town in accordance with the authority contained in what is now § 8-126 of the General Statutes. Section 2 of the ordinance provided: "Said Redevelopment Agency shall be composed of five members, not more than three of whom shall belong to the same political party." Section 3 provided: "The Board of Selectmen shall have the power to make all appointments to said agency." It further provided for the terms of the members. Section 5 (b) set forth the requirement "that a redevelopment plan or an urban renewal plan must be approved by the Representative Town

Meeting and all public hearings required by law
to be held upon any aspect of the redevelopment
or urban renewal program shall be held not less
than two weeks prior to the date upon which the
'RTM' shall consider same." At a special meeting on
March 21, 1958, the board of selectmen appointed
five members of the redevelopment agency as pro-
vided by the ordinance. Their names have not been
presented to the RTM for approval.

The agency has designated an area on the water-
front side of First Avenue from Main Street to and
including Sandy Point as a redevelopment area.
The agency has an over-all plan for the community
which was announced to the public on August 7,
1958. It requested and received authority from the
RTM to acquire the riparian rights of owners of
property abutting the redevelopment area by emi-
nent domain. The agency was also authorized by
the RTM, on January 9, 1959, to enter into a con-
tract with Arthur Gosselin for the sale of town-
owned land on the water-front side of First Avenue
from Main Street to and including Sandy Point.
The agency entered into the contract with Gosselin,
which contract is subject to the approval of final
plans for the area by the planning commission and
the redevelopment agency as provided in the invita-
tions to bid and the authorization of the agency.
At no time has the agency consulted with the plan-
ning commission concerning, or submitted to it for
its consideration, either formally or informally, a
proposed redevelopment plan, either general or
special, nor has the planning commission ever held
any meeting or hearing, or been requested to hold
any meeting or hearing, concerning any such pro-
posal relating to the area in question. It is not
found that the redevelopment agency held a public

hearing on any redevelopment plan for the redevelopment area described above, or approved any such plan.

Section 8-126 of the General Statutes provides: "The legislative body of any municipality . . . may create a new redevelopment agency to consist of electors resident therein. The members of any redevelopment agency so created shall be appointed . . . by the board of selectmen of a town with the approval of the legislative body." Section 3 of the ordinance enacted by the RTM empowered the board of selectmen to make the appointments to the agency but did not provide for the appointments to be approved by the RTM, the legislative body, as required by the statute. The finding shows that the names of the "so-called members" of the agency have never been presented to the RTM for approval. Thus the safeguard provided in the statute has not been followed in an essential detail.

When a statute and an ordinance dealing with the same matter conflict, the statute prevails. *State* v. *Gordon,* 143 Conn. 698, 706, 125 A.2d 477. An ordinance enacted after a statute with which it is in conflict is void. *Hopkins* v. *Metropolitan District,* 115 Conn. 519, 528, 161 A. 848; *Shelton* v. *City of Shelton,* 111 Conn. 433, 438, 150 A. 811; *Southport* v. *Ogden,* 23 Conn. 128, 130. It is a fundamental principle that a municipal ordinance is inferior in status and subordinate to the laws of the state; 37 Am. Jur. 787, § 165; a particular provision may be declared void. 37 Am. Jur. 796. The defendants concede in argument and brief, as indeed they must, that the members of the agency are not members de jure. The appointments without the approval of the RTM as required by the statute were invalid. The defendants claim that the members of the

agency hold office de facto. In the view we take of the case, it becomes unnecessary to pass upon this claim.

The validity of the establishment of a redevelopment plan by the agency will now be considered. The statute, presently General Statutes § 8-127, provides: "The redevelopment agency may prepare, or cause to be prepared, a redevelopment plan . . . and such agency shall immediately transmit such plan to the planning agency of the municipality for its study. . . . The redevelopment agency shall request the written opinion of the planning agency on all redevelopment plans prior to approving such redevelopment plans." The planning agency in this instance was the West Haven town planning commission. The requirements of a redevelopment plan are carefully defined in what is now General Statutes § 8-125 (c). See *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 138, 104 A.2d 365. The RTM, as the legislative body of West Haven, provided in § 5 of the ordinance creating the redevelopment agency that the agency should "have all of the powers, duties, functions and authority provided for and set forth in [the Redevelopment Act]: provided . . . that a redevelopment plan or an urban renewal plan must be approved by the Representative Town Meeting." The RTM having designated a redevelopment agency and invested it with all powers and authority pursuant to statute, the agency must conform to the provisions of the statute. This is so even if we assume, without deciding, that the redevelopment agency exists de facto. The agency at no time transmitted any proposed redevelopment plan to the town planning commission or requested a written opinion from the latter prior to any approval of the plan by the agency. The planning

commission has an important function to perform within a municipality. As to its creation and duties, see §§ 8-19, 8-23 and 8-24 of the General Statutes, these provisions being similar to those in effect at the time in question. It was the apparent intent of the legislature to afford interested property owners the protection of the consideration and judgment of the local planning commission before any re-development plan could be legally adopted.

General Statutes § 8-127 further provides: "Before approving any redevelopment plan, the re-development agency shall hold a public hearing thereon, notice of which shall be published at least twice in a newspaper of general circulation in the municipality, the first publication of notice to be not less than two weeks before the date set for the hearing." The finding does not show that any such hearing was ever held by the agency. The plan was not first submitted to the planning commission, and no meeting or hearing on the plan was ever held by the commission.

Strict compliance with each of the enumerated steps in the statute is a condition to the validity of the entire proceeding concerning a redevelopment plan. See *Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 650, 81 A. 244. One of the essentials in adopting a plan must be notice as required by the statute, so that the property owners affected may have an opportunity to be heard. *Lordship Park Assn.* v. *Board of Zoning Appeals,* 137 Conn. 84, 90, 75 A.2d 379. The agency could not legally adopt a plan until after it had transmitted the plan to the planning commission and requested its opinion. *Jeschor* v. *Guilford,* 143 Conn. 152, 158, 120 A.2d 419; cf. *Rule* v. *Stamford,* 121 Conn. 447, 451, 185 A. 178. The rule applicable to the corporate

authorities of municipal bodies is that when the mode in which their power is to be exercised is prescribed, that mode must be followed. *Jack* v. *Torrant,* 136 Conn. 414, 419, 71 A.2d 705. Essential steps were not taken as required by the statute for the adoption of a redevelopment plan. The purported plan, as well as any attempted approval of it and any action taken under it, was invalid.

The final question to be considered is whether the redevelopment agency had a legal right to contract to sell land in the redevelopment area to the defendant Arthur Gosselin, a developer. The contract to sell which was entered into by the agency with the approval of the RTM recites that it is subject to the approval of final plans for the area by the planning commission and the agency. It is thus recognized in the contract that the approval of the planning commission and the agency had not been obtained prior to the execution of the contract. The plaintiffs contend that the agency had no right to enter into the contract. The defendants claim that the contract was legally authorized and particularly point to what is now General Statutes § 8-137. The area covered in the contract purports to be a part of the redevelopment area. For the contract to be effective, therefore, the property it applies to must be within a general redevelopment plan.

It is not entirely clear from the finding whether the property covered in the contract and loosely referred to in the finding in many instances as the "area in question" included, in addition to the town-owned property, certain riparian rights to be acquired by eminent domain. The defendants' brief, in stating the issue, indicates that such rights were included in the contract. The statement in the brief is: "Whether the Town of West Haven and the re-

development agency could enter a contract with a redeveloper for the sale and development of vacant town land and tidewater harbor land where riparian rights of landowners had to be acquired by eminent domain." It will be assumed to be a fact that the riparian rights were included. Ordinarily, a redevelopment agency may not acquire property until after its approval of the redevelopment plan. General Statutes § 8-128. This is taken to mean the plan mentioned in General Statutes § 8-127 and defined in § 8-125. As has heretofore been pointed out, no general redevelopment plan has been legally adopted in accordance with the provisions of § 8-127. The exception in § 8-128 for the acquiring of property by the agency before the adoption or approval of the project area development plan does not, therefore, apply, since no general plan had been legally adopted. There had been no action by the planning commission designating the area as an appropriate area for a redevelopment project, so the other exception in § 8-128 did not apply. The agency, at most a de facto one, had no right to acquire riparian rights under the provisions of § 8-128 prior to the legal adoption of a general redevelopment plan. Any attempt to include such rights in the contract to sell to Gosselin was invalid.

The defendants claim that the contract to sell to Gosselin conformed to the provisions of General Statutes § 8-137. This section provides that a redevelopment agency, for the purpose of redevelopment may sell or lease, under certain specified conditions, the whole or any part of a redevelopment area to the redeveloper. One of the conditions is that "[e]ach contract for sale or lease to a redeveloper shall provide, among other things, . . . that the property transferred shall be developed and

used in accordance with the redevelopment plan or such plan as modified with the approval of the redevelopment agency." In the absence of a legally adopted redevelopment plan, this condition could not be met. The approval of the contract by the RTM, the legislative body, could not remedy the defect. Section 8-137 further provides: "Any contract for sale or lease to a redeveloper may provide, among other things, (a) that the properties in the redevelopment area shall be maintained in accordance with the redevelopment plan . . . ." This further emphasizes the intention of the legislature to require the existence of a legally established redevelopment plan before the agency enters into a contract for sale. The provisions of § 8-137 cannot avail to make the contract with Gosselin effective. In all statutory proceedings by which the property rights of any citizen are invaded, the statute must be strictly pursued in every detail. *West Hartford* v. *Talcott,* 138 Conn. 82, 89, 82 A.2d 351; *State* v. *McCook,* 109 Conn. 621, 630, 147 A. 126; *Glens Falls* v. *Standard Oil Co.,* 127 Misc. 104, 112, 215 N.Y.S. 354. Contracts beyond the powers of a municipality are void. Since the powers of a municipal corporation are wholly statutory, every person who deals with such a body is bound to know the extent of its authority and the limitations of its powers. 38 Am. Jur. 182, § 506. The town of West Haven and the redevelopment agency could not, under the circumstances, legally enter into a contract to sell for redevelopment purposes the area in question to the defendant Arthur Gosselin, a redeveloper.

The complaint sought answers to a mass of detailed questions. Three propositions are dispositive of all questions and these alone we decide.

There is error, the judgment is set aside and the case is remanded with direction to render judgment declaring that (1) the appointments to the redevelopment agency were invalid; (2) the purported redevelopment plan and any action taken under it were invalid; and (3) the town of West Haven and the redevelopment agency could not legally enter into a contract to sell, for redevelopment purposes, the area in question to the defendant Arthur Gosselin.

In this opinion the other judges concurred.