518 P.2d 931 (1974)
Bill NATION, Mayor, and the members of the City Council of the City of Cheyenne, et al., Appellants (Defendants below),
v.
The STATE of Wyoming on the relation of FIRE FIGHTERS LOCAL 279, I.A.F.F., et al., Appellees (Plaintiffs below).
No. 4264.
Supreme Court of Wyoming.
February 8, 1974.
*932 Franklin J. Smith, Asst. City Atty., Cheyenne, for appellants.
Edward P. Moriarity, Cheyenne, for appellees.
Before PARKER, C.J., and GUTHRIE and McINTYRE, JJ.
Justice McINTYRE delivered the opinion of the court.
Members of Fire Fighters Local 279 filed a petition against the mayor and members of the Cheyenne City Council seeking a writ of mandamus or in the alternative a declaratory judgment. The purpose of the suit was to determine who, as "corporate authorities," must enter into collective bargaining with representatives of the Fire Fighters local. The case was heard by the district judge without a jury and his finding was generally for the fire fighters and against the city officials. The officials have appealed.
Referring to the chapter of the statutes which has to do with collective bargaining for fire fighters, it is clear from the provisions of § 27-268, W.S. 1957, C. 1967, that it is the obligation of the city, "through its corporate authorities," to meet and confer in good faith with representatives of the bargaining agent (in this instance Local 279). Section 27-265, W.S. 1957, C. 1967, contains definitions and states:
"The term `corporate authorities' shall mean the council, commission or other proper officials of any city, town or county, whose duty or duties it is to establish wages, salaries, rates of pay, working conditions, and other conditions of employment of fire fighters."
Here, the Mayor of Cheyenne wrote a letter naming four appointed persons and directing that they should be the "Corporate Authority" in negotiations with the fire fighters local. None of the persons named had been elected to an official position with the city. The persons named included the personnel director of Cheyenne, the city treasurer, the assistant city attorney, and chief of the Cheyenne Fire Department.
*933 Representatives of the fire fighters local refused to negotiate with those persons designated by the mayor, claiming they were not corporate authorities within the meaning of §§ 27-265 and 27-268. The district court held the appointed individuals were not the proper corporate authorities to negotiate with representatives of Local 279; and the only issue raised on appeal is whether the district court erred when it so held.
The cases relied on by appellants clearly hold that the term "corporate authorities," as used in statutes such as we are concerned with, means those municipal officers who are either directly elected by the inhabitants of the municipality or are appointed in some mode to which they [the inhabitants] have given their consent.[1] Similar definitions are contained in 9A Words and Phrases, "Corporate Authorities," pp. 377-378, and in the 1973 Cum. Annual Pocket Part, p. 31.
Parties on both sides of this case agree the individuals named by the mayor as corporate authorities have not been elected by inhabitants of Cheyenne. Nor is there any legislative authority for the election of such arbitrators and no statute authorizes their appointment by the mayor.
It is a cardinal principle of municipal law that a city has only those powers which are expressly granted to it by the legislature or constitution, or which are necessarily implied from such powers as are granted.[2] A corollary is that a city official has only such powers as are expressly granted to the official by the legislature, or are necessarily implied from those powers which are granted.[3]
Counsel for appellants says no case law could be found that explicitly limits the term "corporate authorities" to elected officials. Of course, such a statement overlooks that appellants have the burden of showing error in the district court's ruling, and absence of authority fails to meet that burden. The important thing is that appellants fail to cite authority for the proposition that the term "corporate authorities," as used in statutes such as §§ 27-265 and 27-268, include persons appointed by the mayor, when such persons have not been elected and have not been appointed pursuant to a statute authorizing the appointment.
We have said before, in the absence of authority being cited by the one having the burden, we will assume none was found.[4] Without belaboring that point, however, it is sufficient for purposes of our decision simply to say there was no election and there was no appointment in a mode to which the inhabitants had given their consent. Thus, the persons named by the mayor were not proper corporate authorities to negotiate with the fire fighters and the judgment of the district court must be affirmed.
Affirmed.
McEWAN and McCLINTOCK, JJ., did not participate.
NOTES
[1] See Weber v. City of Helena, 89 Mont. 109, 297 P. 455, 466; and Solomon v. North Shore Sanitary District, 48 Ill.2d 309, 269 N.E.2d 457, 463. In the Solomon case, which has to do with taxation, it is made clear that the assent has to come from the persons to be taxed.
[2] Whipps v. Town of Greybull, 56 Wyo. 355, 109 P.2d 805, 807, 146 A.L.R. 596; State ex rel. Fire Fighters Local 279 v. Kingham, Wyo., 420 P.2d 254, 257; Smith v. City of Casper, Wyo., 419 P.2d 704, 706; Town of City of Newcastle v. Toomey, 78 Wyo. 432, 329 P.2d 264, 266, 76 A.L.R.2d 525.
[3] Town of Othello v. Harder, 46 Wash.2d 747, 284 P.2d 1099, 1102; Raney v. City of Lakeland, Fla., 88 So.2d 148, 150; Sheehan v. Altschuler, 148 Conn. 517, 172 A.2d 897, 900; City of Miami v. Shires, Fla.App., 167 So.2d 22, 24.
[4] Joly v. Saveway Stores, Inc., Wyo., 502 P.2d 362, 365; Deeter v. State, Wyo., 500 P.2d 68, 71; Alcala v. State, Wyo., 487 P.2d 448, 457, cert. den. 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466; Kennedy v. State, Wyo., 470 P.2d 372, 377; Wagoner v. Turpin Park Irr. Co., Wyo., 489 P.2d 630, 634; Bates v. Donnafield, Wyo., 481 P.2d 347, 348-349; Drummer v. State, Wyo., 366 P.2d 20, 26.