STATE OF CONNECTICUT *v.* ANONYMOUS (1980–3)*

SUPERIOR COURT

---

* Thus entitled, in view of General Statutes § 54-142a.

SPADA, J. This is a criminal action alleging, against each of the three named defendants, a series of municipal housing code violations under chapter 13 of the New Britain municipal housing code (hereinafter the code). The defendants filed motions to dismiss in effect claiming a denial of their constitutional right to due process and a wrongful refusal on the part of the municipality to provide the administrative hearing required by ordinance.

The resolution of this motion will be decisive as to the three named defendants.

At oral argument, the state joined with defense counsel in urging that the present motion be granted. The state conceded, in court, that the constitutional and procedural flaws raised by the defendants were fatal to the prosecution. It is noted, however, that the state's brief urges the denial of the defendants' motion to dismiss.

The issue raised herein is whether the refusal of the city of New Britain to provide an administrative hearing, as required by ordinance, is fatal to this prosecution. The court answers in the affirmative.

The parties were in agreement on the facts. The court could reasonably find that the defendants were equal co-owners of an apartment house situated in New Britain, and that on December 21, 1978, the city's director of health notified the defendants in writing of a series of violations of chapter 13 of the New Britain municipal housing code. The director's notice informed the defendants that they could request a hearing before the city's housing board of appeals. The hearing was to be conducted within ten days of the request. On December 28, 1978, the defendants requested a hearing before the housing board of appeals. Chapter 13, § 2, of the code provides for a housing board of appeals consisting of five electors of the city appointed by the mayor and

subject to approval by a majority of the city council. On March 23, 1979, the defendants were advised that no hearing before the board of appeals would be scheduled and that the violations were being referred to the prosecutor's office. A hearing was never held.

On March 29, 1979, the defendants were served with criminal summons and complaints. Chapter 13, § 13 of the code provides "that any person aggrieved by any notice issued in connection with any violation of any provision of this chapter . . . shall be granted a hearing before the Housing Board of Appeals." Section 14 of the code requires that the housing board of appeals "shall meet within a reasonable time for the hearing of the appeal and shall advise the petitioner in writing of the time and place where the appeal will be heard."

The state, in its brief, contends that criminal proceedings for violations of the provisions of the housing code and ordinances are of a distinct and separate nature from judicial review of administrative proceedings, and that, therefore, the exhaustion doctrine cannot be employed to forestall such criminal proceedings.

The defendants counter that an exhaustion of administrative remedies before resort to the courts is an essential prerequisite to a successful prosecution, and that by not providing the mandated hearing, the city has not exhausted its administrative remedies. Both contentions are flawed.

The exhaustion argument is, as to the city, misplaced. The plaintiff herein is the state of Connecticut. The city is not a party to these proceedings. The defendants' authorities are classic examples of appellants seeking judicial review before full compliance with administrative hearings. In the case at bar, the defendants do not seek judi-

cial resolution by bypassing an administrative hearing. To the contrary, their complaint is based upon a denial of a mandated administrative hearing.

This court agrees, generally, with the state's proposition that the exhaustion doctrine cannot stay criminal proceedings. The deficiency in the state's case is that its prosecution of violations of municipal ordinances puts it in league with the city of New Britain to bypass an administrative hearing due the defendants. No explanation was submitted for the city's recantation of a properly legislated appeal.

The court does not pronounce that administrative hearings are required for the successful prosecution of municipal code violations. Nor does it necessarily condone the requirement of an administrative hearing. Where such a hearing is mandated by a city housing code, that mandate must be complied with.

The jurisdiction of the housing session of the Superior Court over prosecutions of state and city building code violations is beyond reproach. General Statutes § 47a-68. A prosecution based upon municipal code violations requires compliance with the procedural due process requirements of the code.

The court has determined that the defendants' entitlement to an administrative hearing is contained within the same chapter of the code under which they are being prosecuted. This court holds that this entitlement is a property right, the denial of which violates the due process requirements of both the fourteenth amendment to the United States constitution and article first, section eight of the Connecticut constitution.

The right to a hearing before the housing board of appeals is neither superfluous nor irrelevant. Once legislated, it cannot be arbitrarily or promiscuously withdrawn. Additionally, city officials may grant or withhold this right of appeal based upon the identity of the accused.

The court has no doubt that the city fathers legislated the housing board of appeals in order to effectuate a speedy reconciliation of code violations and to avoid the burdens of costly and embarrassing criminal litigation.

The court notes that chapter 13, § 17 of the code provides that, in addition to an administrative hearing, property owners "aggrieved by the final decision of the Housing Board of Appeals may obtain judicial review in any court of competent jurisdiction. . . ."

The preemption of the administrative hearing is further aggravated by the fact that it precluded the defendants' right to judicial review. It is manifest that the city fathers expressed a disfavor for summary criminal prosecutions in the enforcement of the city's housing and building code.

It is beyond dispute that the city of New Britain has not adhered to the procedures mandated by its own ordinances. The city, in effect, seeks to invoke the enforcement of its laws, some of which it has blithely ignored. The rule applicable to the corporate authorities of municipal bodies is that when the mode in which their power is to be exercised is prescribed, that mode must be followed. *Jack* v. *Torrant,* 136 Conn. 414; *Sheehan* v. *Altschuler,* 148 Conn. 517.

The city is, however, not without powers of enforcement. Where justified, it can take action under chapter 335 of the General Statutes. It may

elect to delete the entitlements in its code for administrative hearings and judicial review. Finally, it must itself comply with the substantive and procedural due process requirements of its own laws.

Accordingly, for the reasons cited, the motion to dismiss as to each defendant is granted.