The CITY OF CASPER, Wyoming, a Municipal Corporation; Ken Erickson, City Manager; Joe Corrigan, Mayor; Frank Ellis, Bob Johnson, Larry Clapp, Robert Heizer, Mary Behrens, Kaye McCrary, Kenneth Post and Terry Wingerter, Casper City Council Members; Kevin Burt, Personnel Director of Casper; and Ron Baum, Chief of Fire Department of City of Casper, Appellants (Defendants),

v.

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 904, Appellee (Plaintiff).

No. 85–136.

Supreme Court of Wyoming.

Feb. 11, 1986.

Rehearing Denied March 28, 1986.

H.B. Harden, Jr., City Atty., and James R. Bell, Deputy City Atty., Casper, for appellants.

Rodger McDaniel of Southeast Wyoming Law Offices, Cheyenne, for appellee.

Before THOMAS, C.J., and ROONEY *, BROWN, CARDINE and URBIGKIT, JJ.

* Retired November 30, 1985.

1. Section 27–10–101 provides:
"(a) As used in this act [§§ 27–10–101 through 27–10–109] the following terms shall, unless the context requires a different interpretation, have the following meanings:
"(i) The term 'fire fighters' shall mean the paid members of any regularly constituted fire department in any city, town or county within the state;
"(ii) The term 'corporate authorities' shall mean the council, commission or other proper officials of any city, town or county, whose duty or duties·it is to establish wages, salaries, rates of pay, working conditions, and other conditions of employment of fire fighters."
Section 27–10–102 provides:
"The fire fighters in any city, town or county shall have the right to bargain collectively with their respective cities, towns or counties and to be represented by a bargaining agent in such collective bargaining as to wages, rates of pay, working conditions and all other terms and conditions of employment."
Section 27–10–103 provides:
"The organization selected by the majority of the fire fighters in any city, town or county shall be recognized as the sole and exclusive bargaining agent for all of the members of the department, unless and until recognition of such bargaining agent is withdrawn by vote of a majority of the fire fighters."
Section 27–10–104 provides:
"It shall be the obligation of the city, town or county, through its corporate authorities, to meet and confer in good faith with the representative or representatives of the bargaining agent within ten (10) days after receipt of written notice from said bargaining agent of the request for a meeting for collective bargaining purposes. This obligation shall include the duty to cause any agreement resulting from negotiations to be reduced to a written contract, provided that no such contract shall exceed the term of one (1) year."
Section 27–10–105 provides:

**ROONEY, Justice.**

This is an appeal from a summary judgment in a declaratory judgment action in which the district court held that a binding and valid contract was made between the City of Casper and appellee as a result of negotiations for a 1984–1985 fiscal year labor agreement.

We reverse and remand.

Negotiations have been annually carried on between the City of Casper and appellee for a number of years pursuant to §§ 27–10–101 through 27–10–109, W.S.1977 (June 1983 Replacement).[1] Appellee was selected

"In the event that the bargaining agent and the corporate authorities are unable, within thirty (30) days from and including the date of their first meeting, to reach an agreement on a contract, any and all unresolved issues shall be submitted to arbitration."
Section 27–10–106 provides:
"Within five (5) days from the expiration of the thirty (30) day period referred to in section (5) hereof [§ 27–10–105], the bargaining agent and the corporate authorities shall each select and name one (1) arbitrator and shall immediately thereafter notify each other in writing of the name and address of the person so selected. The two (2) arbitrators so selected and named shall, within ten (10) days from and after the expiration of five (5) day period hereinbefore mentioned, agree upon and select and name a third arbitrator. If on the expiration of the period allowed therefor the arbitrators are unable to agree upon the selection of a third arbitrator, a district judge of the judicial district within which the city is located, shall select him upon request in writing from either the bargaining agent or the corporate authorities. The third arbitrator, whether selected as a result of agreement between the two (2) arbitrators previously selected, or selected by a district judge, shall act as chairman of the arbitration board."
Section 27–10–107 provides:
"Arbitration shall proceed pursuant to the provisions of the Uniform Arbitration Act [§§ 1–36–101 through 1–36–119]."
Section 27–10–108 provides:
"Any agreements actually negotiated between the bargaining agent and the corporate authorities either before, or within thirty (30) days after arbitration, shall constitute the collective bargaining contract governing fire fighters and said city, town or county for the period stated therein provided that term of such contract shall not exceed one (1) year."
Section 27–10–109 provides:
"Whenever wages, rates of pay, or any other matter requiring appropriation of money by

as bargaining agent for the Casper fire fighters pursuant to §§ 27–10–102 and 27–10–103. Timely request for a meeting was made pursuant to §§ 27–10–104 and 27–10–109, and discussions relative to a 1984–1985 contract began within the ten-day period set by § 27–10–104 between representatives of appellee and three employees of the City of Casper: Kevin Burt, personnel director; Ron Baum, fire chief; and Rebecca Gunther, administrative analyst. Kevin Burt had represented the City in negotiations with appellee for agreements covering the two previous years.

At the outset of negotiations, the union and the City agreed to ten "Ground Rules and Negotiations." These rules covered such things as time and places for meetings, keeping of minutes, caucuses, press releases, etc. Rules 6 and 7 provided:

"6. Any agreement reached by the parties is tentative until ratified by the City Council of the City of Casper and by the Membership of Local No. 904.

"7. Principal negotiators for both parties may tentatively accept contract clauses by having both sides initial the clause, thereby removing it from the list of items to be resolved. However, all such agreements reached by the parties are tentative. Nothing is agreed to until everything is agreed to."

After several meetings, agreement was reached on April 6, 1984, by these negotiators on all issues of a contract. Mr. Burt said, " 'We have a contract,' " but he contends that such statement was meant to be conditioned on ground rules 6 and 7, supra. The city manager of the City of Casper did not approve items in the contract relating to paid holidays on "Casper Day" and on the employee's birthday. A written contract presented to appellee reflected these changes in the understanding reached by the negotiators. The membership of the appellee approved a contract without the changes made by the city manager. The arbitration deadline set forth in § 27–10–106 had passed when the written contract was presented to appellee.

Appellee contends that a valid and binding oral contract was made at the close of the April 6, 1984, meeting. Appellants contend that a contract could not exist until approved by the city council as required by the ground rules for negotiations and by law.

■ A labor contract may be an oral one. Section 8 of the National Labor Relations Act (29 U.S.C. § 158(d)) provides for "the execution of a written contract incorporating any agreement reached if requested by either party." [2] Section 27–10–104, supra note 1, places an obligation on the City "to cause any agreement resulting from negotiations to be reduced to a written contract." In this case, if there was a proper oral agreement between appellee and the City at the close of the April 6, 1984, meeting, we should affirm the district court. The question, however, is whether or not Kevin Burt, Ron Baum or Rebecca Gunther had authority to make such agreement in light of (1) rules 6 and 7 of the "Ground Rules and Negotiations," supra, which provide that any agreement is tentative until ratified by the city council; and (2) § 27–10–108, supra note 1, which provides that a collective bargaining agreement must be "actually negotiated" by the "corporate authorities."

Although rules 6 and 7 of the "Ground Rules and Negotiations" would seem to reflect a recognition by appellee that it was not within the scope of the powers of Kevin Burt, Ron Baum and Rebecca Gunther to enter into a binding agreement with appellee, we need not give further attention to

any city, town or county are included as matter of collective bargaining conducted under the provisions of this act [§§ 27–10–101 through 27–10–109], it is the obligation of the bargaining agent to serve written notice of request for collective bargaining on the corporate authorities at least one hundred twenty (120) days before the last day on which mon-

ey can be appropriated by the city, town or county to cover the contract period which is the subject of the collective bargaining procedure."

2. The National Labor Relations Act is not applicable to this case.

this aspect of the case inasmuch as the fact that the negotiations were not conducted by the "corporate authorities" of the City necessitates a reversal of this case.

The issue was resolved over ten years ago by this Court in *Nation v. State ex rel. Fire Fighters Local 279, I.A.F.F.*, Wyo., 518 P.2d 931 (1974), in which we held that the fire fighters properly refused to bargain with four persons appointed by the mayor[3] for such purpose since they were not "corporate authorities" as defined by the statute. We there referred to the definition of "corporate authorities" set out in § 27–10–101(a)(ii), supra note 1, and we said:

"* * * [T]he term 'corporate authorities,' as used in statutes such as we are concerned with, means those municipal officers who are either directly elected *by the inhabitants* of the municipality or are appointed in some mode to which *they* [the inhabitants] have given their consent. * * * " (Emphasis and bracketed material in original. Footnote omitted.) *Nation v. State ex rel. Fire Fighters Local 279, I.A.F.F.*, supra at 933.

■ It may be time consuming and perhaps distasteful for a mayor, councilman, city manager or county commissioner to be present and direct negotiations with the bargaining agent of the fire fighters. Nevertheless, such has been mandated by the legislature. The requirements and procedure for negotiation between fire fighters and the city, town or county are set forth in § 27–10–101 et seq., supra note 1. Section 27–10–104 provides that "[i]t shall be the obligation of the city, * * * through

its corporate authorities, to meet and confer in good faith with" the representative of the bargaining agent of the fire fighters. The term "corporate authorities" is defined in § 27–10–101(a)(ii), supra note 1, and neither Kevin Burt, Ron Baum nor Rebecca Gunther qualify as a corporate authority under that definition. Such definition provides that a corporate authority status exists for a person only if he has the duty "to establish wages, salaries, rates of pay, working conditions, *and* other conditions of employment of fire fighters." (Emphasis added.) Only the city manager and the city council have authority to take action relative to salaries of all employees of the City of Casper except for the city manager, attorney and municipal judges.[4]

■ The legislature has mandated that negotiations with representatives of the bargaining agent of the fire fighters be by the "corporate authorities" of the city, town or county; i.e., by the mayor, city manager, or members of the council of a city or town, and by the county commissioners of a county.

"* * * Mandatory statutes must be obeyed, and courts have no right to make law contrary to that prescribed by the legislature. * * * " *Thompson v. Wyoming In-Stream Flow Committee*, Wyo., 651 P.2d 778, 787 (1982).

Courts will not usurp or encroach upon the legislative function. *Kennedy v. State*, Wyo., 559 P.2d 1014 (1977); *Oroz v. Hayes*, Wyo., 598 P.2d 432 (1979).

■ Neither party can enforce an agreement made other than as empowered by

---

3. The four persons included the city personnel director, the city treasurer, the assistant city attorney, and the chief of the fire department.

4. Section 15–4–202(g), W.S.1977, 1985 Cum. Supp., provides:

"Except for the city manager, attorney and municipal judges, all employees shall be employed by the city manager, be selected on merit and serve at his pleasure. *He shall fix their salaries by and with the consent of the governing body.* Nothing in this section shall be construed as affecting or superseding the provisions of chapter 5 of this title." (Emphasis added.)

The referred-to Chapter 5 relates to the fire and police departments civil service commissions. Section 15–5–106(a), W.S.1977 (July 1980 Replacement), thereof provides in part:

"The commissions shall classify the various positions in the departments into classes or schedules based upon the nature of the service to be rendered or duties to be performed. *The governing body shall then establish uniform working hours and wages for all employees in each class or schedule and may regulate the rate of wages and the number of employees in any class or schedule* as necessary. * * * " (Emphasis added.)

the legislature to be made. This fact was made plain in *Nation v. State ex rel. Fire Fighters Local 279, I.A.F.F.* in 1974, and both parties are presumed to have knowledge thereof. Thus, a valid agreement was not made in this instance.

Both parties having moved for a summary judgment, the summary judgment in favor of appellee is reversed, and the cause is remanded with instructions to enter a summary judgment in favor of appellants.