[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action is a member of the New Redevelopment Agency. He has sought injunctive relief again defendant, the Mayor of the City of New Haven, who has taken to remove him from his Agency position.
The defendant notified the plaintiff of his removal letters, dated October 14 and 18, 1993, both stating the action taken pursuant to 8-126 of the Conn. General Statutes. October 18th letter, the defendant stated that "this is a removal at the pleasure of the appointing authority and not a removal cause. . . ."
On October 18, 1993, the plaintiff moved for an immediate injunction and restraining order exparte to restrain the defendant from proceeding to remove him. This motion was denied by the court on October 19.
Along with the above-described motions, the plaintiff seeks a temporary and permanent injunction, restraining the same removal proceedings. In the first count of a two-count complaint the plaintiff claims the plaintiff's removal is in violation of 8-126
as well as 190 of the New Haven City Charter. The second count alleges a violation of the plaintiff's due process and/or first amendment rights. The due process claim is based on the defendant's failure to specify the alleged misconduct of the plaintiff and in the scheduling of a hearing after the removal had already been decided upon. The plaintiff also claims he was removed for his comments critical of the management of the redevelopment agency, and thus his right of free speech is implicated.
 I.
Section 8-126 authorizes the creation of redevelopment agencies by municipalities. The section was amended by Public Act 90-84 by adding language as follows: "Any person appointed shall serve at the pleasure of the person or body authorized to make the appointment."
"Amendments carry with them a presumption that they are effecting a change in the existing law." Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 21 n. 6 (1980). Further, "There is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment so that in construing it no part is to be treated as insignificant and unnecessary." Connecticut CT Page 9719 Light Power Co. v. Costle, 179 Conn. 415, 420 (1980).
The court agrees with the defendant that the addition of the language in P.A. 90-84 was intended:
 "to provide that in lieu of the fixed tenure formerly afforded by C.G.S. Section 8-126, the tenure of redevelopment agency members appointed or reappointed subsequent to the effective date of P.A. 90-84 would be for the terms specified, subject to earlier removal at the pleasure of the appointing authority."
Defendant's Memorandum in Opposition, p. 7.
The plaintiff is not entitled to serve until the expiration of his term if the defendant decides to remove him pursuant to 8-126.
 II.
Section 190 of the New Haven City Charter sets forth the removal procedure "[w]henever the mayor has reasonable grounds for believing that any officer of the city not in the classified service is corrupt, incompetent or unfaithful to the duties of his office, or that the requirements of the public service demand his removal . . . ." "When a statute and an ordinance which deal with the same subject matter conflict, the statute prevails." Bencivenga v. Milford, 183 Conn. 168, 172 (1981). "It is a fundamental principle that a municipal ordinance is inferior in status and subordinate to the laws of the state . . . ." Sheehan v. Altschuler, 148 Conn. 517, 521 (1961). Thus, this provision is applicable only when the mayor is removing an officer for cause, not when the removal is of an appointee who serves at the pleasure of the mayor. The removal of a member of a New Haven redevelopment agency member pursuant to 8-126 does not trigger the procedural requirements of 190, as 8-126 creates appointments which serve at the pleasure of the mayor and do not require cause to remove. Thus, the plaintiff is not entitled to the procedure provided in 190.
Furthermore, there is no merit to plaintiff's claim that because plaintiff was appointed by the mayor with the approval of the board of alderman, plaintiff's removal must mirror the appointment procedure. The plain language of 8-126 provides a method for appointment and a separate method for removal. While CT Page 9720 appointment must be by the mayor with the approval of the legislative body, removal may be effected solely by the mayor, as the relevant language reads that "[a]ny person appointed shall serve at the pleasure of the person or body authorized to make the appointment." General Statutes 8-126(a); 21-2 of the Code of Ordinances of New Haven. Thus, no approval of the board of alderman was needed to remove plaintiff from his position on the agency. The cases cited by plaintiff to support the proposition that the removal procedure must mirror the appointment procedure address statutes that are silent on removal procedure or expressly provide removal only for cause, and are therefore inapplicable to the present case.
 III.
Plaintiff's request for injunctive relief also claims a violation of plaintiff's due process and first amendment rights. The plaintiff has the burden of proving that it is probable he is entitled to the relief he seeks before injunctive relief will be granted. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have legitimate claim of entitlement to it." Cleveland v. Loudermill, 105 S.Ct. 1487 (1985). Property interests are created by existing rules or understandings that stem from independent sources such as state law. Id. As discussed above,8-126 as amended by P.A. 90-84 creates tenure which exists at the pleasure of an appointing authority. The plaintiff has failed to prove that it is probable he is entitled to the relief he seeks on the claim that his due process rights have been violated.
Plaintiff further claims that his removal was a result of statements he made which were critical of the city staff and that constitutes a violation of his right to free speech. The basis for this claim is the letter of October 14 in which the defendant states that he is "increasingly concerned" about the plaintiff's conduct and in particular his statements about city staff.
 ". . . if a public employee alleges that his employer took adverse action against him in retaliation for his exercise of first amendment rights, the following analytical approach must be applied:
 (1) The threshold question is whether the plaintiff's conduct deserves CT Page 9721 constitutional protection.
 (2) If the court finds that an employee's conduct was protected by the first amendment, the finder of fact must determine whether the action taken was because he engaged in the protected conduct. The employee's protected conduct must be a "substantial factor" or a "motivating factor" in the employer's decision.
 (3) Once the employee meets this burden, the burden shifts to the employer to prove that the action the employee is complaining about would have taken place absent the protected conduct."
Ratliff v. Wellington Exempted Vil. Sch. Bd. of Ed., 820 F.2d 792,795 (6th Cir. 1987).
The plaintiff has not presented any argument or evidence that the speech in question was constitutionally protected. In fact, the court has nothing before it to indicate what the plaintiff said and what the defendant is referring to in the October 14 letter. Thus, he has not met the burden required to shift the burden to the defendant as these cases require.
In view of the conclusions reached in Sections I, II and III the plaintiff's motion for a temporary injunction is denied.
 IV.
General Statutes Section 8-126(a) reads in part that "each member shall serve until his successor is appointed and has qualified . . . ." Therefore, an agency member may be dismissed from his position by the mayor pursuant to the provision that "any person appointed shall serve at the pleasure of the mayor," however this member would continue to serve until his successor is "appointed and qualified." "Appointed and qualified" necessitates that the successor be appointed by the mayor and approved by the board of alderman.
In the present case, the plaintiff has received notice of his dismissal by the mayor but there is no evidence of the appointment CT Page 9722 and approval of a successor. Thus, the plaintiff continues to be a member of the New Haven Redevelopment Agency until such time as his successor is appointed by the mayor and approved by the Board of Aldermen.
Anthony V. DeMayo, Judge