[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants, the City of New Haven and Clarence B. Phillips, have moved for summary judgment on all counts of the plaintiffs amended complaint, which is dated June 28, 2002. That complaint was filed after this court dismissed several counts from a prior complaint. The plaintiff seeks money damages because the City demolished a building on her property on East Street in New Haven that had been made uninhabitable by fire.
In the first count, the plaintiff alleges that the fire occurred on February 13, 1996, and that on July 12, 1997, received a notice issued by defendant Phillips, the City's building official, advising her that the city would demolish her property. She alleges that after she told Phillips that she was leaving the property in its present state while she pursued litigation and appraisal, Phillips requested that she continue her efforts to protect the property and keep it properly boarded up, and that a demolition would not occur. She alleges that she complied but that on December 3, 1997, the City "negligently demolished" her property.
In the second count, the plaintiff alleges that the City "through its agents, servants, and/or employees" negligently or recklessly represented that her property would not be demolished if she continued to undertake reasonable efforts to protect it and board it up.
In the third count, the plaintiff alleges that the City is liable to her for damages for promissory estoppel because the City demolished her property after its agents, servants and/or employees had promised not to do so.
In the fourth count, the plaintiff alleges that the City intentionally caused her distress and loss of property and that it selected her property for demolition and did not demolish other unsafe properties "because of political pressure." CT Page 16521
In the fifth count, the plaintiff seeks to have the City indemnify defendant Phillips pursuant to Conn. Gen. Stat. § 7-465 for any sums of money he may become obligated to pay the plaintiff in connection with his alleged agreement to forbear from demolishing the plaintiffs building and the subsequent demolition.
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." LaFlamme v. Dallessio, 261 Conn. 247, 250
(2002); QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001); Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999);Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998);Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); Practice Book § 17-49.
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); TelescoCT Page 16522v. Telesco, 187 Conn. 715, 718 (1982).
Factual Submissions
The parties have filed a stipulation in which they agree to the following facts:
On July 16, 1997, Phillips, the City's building official, caused the plaintiffs building to be inspected and on July 22, 1997, he issued a notice and order to her to restore the building or demolish it within thirty days. The parties further stipulate that the structure was indeed uninhabitable and in need of repair and that the plaintiff neither demolished it nor obtained a building permit for the purpose of restoring it, and that on or about December 3, 1997, Phillips caused the demolition of the structure.
Phillips states in an affidavit that he had the duty and authority under the City Code, at § 9-28.1, to demolish unsafe buildings, that the plaintiff did not appeal from the July 22, 1997, notice and neither restored her building nor demolished it within the thirty days specified in the notice. Phillips also states that "I never made any promises or entered into any agreement with the plaintiff or his (sic) representative relative to forbearance from demolishing the plaintiffs structure for any period of time," and "[t]hat as the Building Official I had no authority to make promises or enter into an agreement relative to forbearance from demolishing a structure that I had declared unsafe," and that when the plaintiff neither restored the building nor demolished it, he directed that it be demolished on December 3, 1997.
The plaintiff states in her affidavit that her building suffered fire damage on February 13, 1996, and that her lawyer contacted Phillips and informed him that Palmieri was engaged in a lawsuit concerning the premises, and that Phillips "advised my legal representative that the Defendant, City of New Haven, would not demolish my property, but required that I continue to protect and secure the property." Palmieri does not assert that she was present during the alleged conversation between her lawyer and Phillips. These reported statements therefore cannot be considered by this court because they are made by a person with no personal knowledge of the communications at issue. Practice Book § 17-46 provides, with regard to the submissions regarding motions for summary judgment, that "[s]upporting and opposing affidavits shall be made upon personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." CT Page 16523
The plaintiff further states in her affidavit that the City "intentionally selected my property for demolition when it did not demolish other properties in close proximity to my property that were unsafe" and that it selected her property for demolition "because of political pressure." She states that before the demolition, she had an "adversarial relationship" with the City over tax assessments for the property and that the City "therefore" selected her property for demolition.
The plaintiff attached to her brief in opposition to the motion an August 13, 1997 letter from Attorney Frank Raio of The Biller Law Firm to Phillips. In that letter, Attorney Raio acknowledges receipt of the July 22, 1997 notice and stated:
 I previously advised you that Ms. Palmieri is engaged in litigation as a result of the damages to her property and as such, the condition of her property and the property itself may be evidence in the pending lawsuit. Therefore, demolition would be inappropriate and extremely prejudicial to my client.
 My client has attempted to and will continue to keep the property safe, but we would ask that you kindly forbear from any action under these circumstances.
In the letter, Attorney Raio does not state that Phillips ever agreed to forbear from demolition but concludes: "If any further information is requested, please contact the undersigned immediately, as otherwise I will assume that you will not pursue the actions listed in your letter of July 22, 1997." Attorney Raio, who was present at oral argument, did not furnish the court with an affidavit stating that Phillips ever agreed to the proposed forbearance from demolition.
Are the defendants entitled to summary judgment?
A. Repetition of dismissed claims
The defendants correctly assert that the plaintiff has included in the first count of her complaint allegations challenges to the issuance of the demolition notice that were dismissed by this court. By a memorandum of decision dated March 18, 2002, this court found that the plaintiff had failed to exhaust her administrative remedies by failing to appeal the demolition order pursuant to Conn. Gen. Stat. § 29-45, at any stage, and that she could not bring a civil suit to redress administrative actions that she had failed to appeal. The plaintiff has included the CT Page 16524 same claims in her amended complaint at paragraphs 19 a, b, c, d, e and f. The court's ruling dismissing these claims is the law of the case and the plaintiff is not entitled to plead again claims that this court has previously dismissed. Cumberland Farms, Inc. v. Groton, 262 Conn. 45, 58
(2002); Gladysz v. Planning Zoning Commission, 256 Conn. 249, 260
(2001).
B. Counts based on negligence/breach of alleged agreement
In the first three counts of her amended complaint, the plaintiff bases her claims on the factual premise that New Haven's building inspector promised not to effectuate the demolition order provided she kept her admittedly unsafe premises boarded up. Phillips denies that he ever made any such promise, and the plaintiff has not, in fact, presented any evidence to counter that denial. As has been stated above, the plaintiffs own impressions of what Phillips said to Attorney Raio are inadmissible and cannot be relied upon. She does not aver that she was present at the conversation, and at best she is stating what her attorney reported or her interpretation of his actual words. Attorney Raio, who surely knows what constitutes an agreement, does not state in an affidavit that Phillips ever actually agreed to Raio's request not to carry out the demolition. At most, Attorney Raio's letter reports that he told Phillips what his client hoped for, and his "assumption" that Phillips agreed. Silence will not operate as estoppel absent a duty to speak. HanoverIns. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 350 (1991); Eis v.Meyer, 213 Conn. 29, 34 (1989). Silence constitutes acceptance by an offeree only if the offeree, by words or conduct, leads the offeror reasonably to interpret that silence as such. Sandella v. Dick Corp.,53 Conn. App. 213, 220, cert denied, 249 Conn. 926 (1999), citing 1 Williston, Contracts (3d Ed. Jeager) § 91C.
The plaintiff has not presented any facts that would support a finding that Phillips ever agreed that a lack of response could be taken as assent.
Phillips' statement that he never agreed not to demolish the plaintiffs building is not contradicted. The plaintiffs hope, interpretation or understanding to the contrary does not constitute evidence that Phillips agreed to the request made on her behalf by her lawyer, nor does the recitation of those hopes and proposals create a genuine issue of material fact, because they omit any averment that Phillips actually agreed.
The basis for the first three counts of the amended complaint is the existence of an agreement to forbear from carrying out the demolition CT Page 16525 order. In the absence of such an agreement, the plaintiff has no claim in these three counts, and summary judgment is warranted in favor of both defendants for that reason.
Even if the plaintiffs statement of her expectation, unsupported by evidence of any actual agreement by Phillips were somehow to be seen to exist, the defendants assert that no such agreement is enforceable because Phillips lacked authority to enter into such agreements on behalf of the City.
A municipality is not bound by agreements made by employees with no authority to bind it. The plaintiff has cited no statute, regulation, City charter provision, or city ordinance that suggested that Phillips had authority to agree not to demolish a building even if that building was unsafe and uninhabitable. Contracts that are beyond the legal authority of the public officials who enter into them are ultra vires and unenforceable. Sheehan v. Altschuler, 148 Conn. 517 (1961). As the Connecticut Supreme Court stated in Fennell v. Hartford, 238 Conn. 809,813-14 (1996): "[g]enerally, no officer or board, other than the common council, has the power to bind the municipal corporation by contract, unless duly empowered by statute, the charter, or authority conferred by the common council, where the latter may so delegate its powers. . . . It follows that agents of a city, including its commissions, have no source of authority beyond the charter. Their powers are measured and limited by the express language in which authority is given or by the implication necessary to enable them to perform some duty cast upon them by express language . . . All who contract with a municipal corporation are charged with notice of the extent of . . . the powers of municipal officers and agents with whom they contract, and hence it follows that if the . . . agent had in fact no power to bind the municipality, there is no liability on the express contract. . . . Thus every person who deals with [a municipal corporation] is bound to know the extent of its authority and the limitations of its powers." (Internal quotation marks and citations omitted.)
The plaintiff's attempt to make promissory estoppel a cause of action rather than a bar to recovery by an opponent must fail because it is well established that a municipality cannot generally be estopped by the unauthorized acts of its officers. Dupuis v. Submarine Base CreditUnion, Inc., 170 Conn. 344 (1976). An exception is made where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents; however, the exception is to be applied "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances CT Page 16526 make it highly inequitable or oppressive to enforce the regulations."Zoning Commision v. Lescynski, 188 Conn. 724, 732 (1982).
The uncontradicted facts are that the plaintiffs attorney proposed that the building official hold off on demolition, but that Phillips did not express assent to that request. The "promissory" element of promissory estoppel is thus missing.
Equitable estoppel is, moreover, available only for protection from a claim and "cannot be used as a weapon of assault," Dickau v.Glastonbury, 156 Conn. 437, 442 (1968); Hebb v. Zoning Board of Appeals,150 Conn. 539, 543 (1963). By bringing a claim based on the alleged agreement of the building official, the plaintiff impermissibly seeks to use estoppel as "a weapon of assault."
The plaintiff's negligence claim against the City is, moreover, barred by the doctrine of governmental immunity. Connecticut General Statute § 52-557n (a)(2) provides that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The plaintiff does not claim that the City was engaged in a proprietary rather than a governmental function in demolishing her property. The municipality has the same immunity at common law, see Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
C. Claim of retaliatory demolition
In the fourth count of her complaint, the plaintiff alleges that the City selected her property for demolition "because of political pressure." She explains in her affidavit that she had had "an adversarial relationship" with the City over tax assessments for the property and that the City singled out her property for demolition when it did not demolish other properties in the area that were unsafe.
The only affidavit filed by the City, that of Clarence Phillips, contains no mention of any facts concerning this claim. A party seeking summary judgment must show what the facts are and that the movant is entitled to judgment under those facts. The Connecticut Supreme Court stated the requirement unequivocally in Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n7:
The courts are in entire agreement that the moving party for summary judgment has the burden of showing CT Page 16527 the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.
The movants have not demonstrated what the facts are with regard to this claim, and their motion for summary judgment on this claim is denied. This claim was not the subject of a motin to strike, and by denying summary judgment the court expresses no opinion on the legal sufficiency of the claim.
D. Indemnification
In the fifth count of her amended complaint, the plaintiff asserts that the City must indemnify defendant Phillips for any liability he incurs "by reason of his negligence" in connection with the other claims (Amended complaint, para. 38, 39.)
The only claims in which the plaintiff asserts that Phillips is liable for negligence are counts one and two. She claims that the contract alleged in count three was a contract with the City, and that the City was estopped by it. In count four she alleges intentional conduct, not negligence. CT Page 16528
This court has found in defendant Phillips' favor on the first two counts, and therefore, no claims of negligence remain to which the claim for indemnification could apply. It is not necessary therefore to reach other issues concerning this claim. Summary judgment shall enter in favor of the City on the claim made in the fifth count of the amended complaint.
Conclusion
Summary judgment shall enter in favor of the defendants on the first, second, third and fifth counts of the amended complaint. The motion for summary judgment is denied as to the fourth count.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 16529