THE CONNECTICUT SAVINGS BANK OF NEW HAVEN v.
THE FIRST NATIONAL BANK AND TRUST COMPANY
OF NEW HAVEN.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 7—decided October 30, 1951

*Morris Tyler* and *Richard H. Bowerman,* for the appellant (plaintiff).

*Albert H. Barclay, Jr.,* with whom, on the brief, were *Curtiss K. Thompson* and *John W. Barclay,* for the appellee (defendant).

JENNINGS, J.  On a former appeal, reported in 133

Conn. 403, this court held (p. 414) that the complaint, seeking a declaratory judgment, was not vulnerable to demurrer. The question whether the plaintiff was entitled to bring an action in this form was held to lie within the discretion of the trial court and the case was remanded. In the Superior Court the plaintiff filed an amended complaint under which it sought to recover, on behalf of its insurer, a sum of money debited to its account in the defendant bank on account of a check issued by it. It claimed that the indorsement of the payee thereof had been forged by a third party. The insurer claims to be subrogated to the rights of the plaintiff against the defendant. Judgment was for the defendant and the plaintiff has appealed. The facts are not in dispute except in one particular, as will appear. The record and briefs would easily furnish the basis for a treatise. If the opinion is to be kept within reasonable bounds, discussion of both facts and law must be confined to the precise point on which the case is decided. That point is the effectiveness of a defense that, under the circumstances, the plaintiff, and therefore its insurer, has no rights against the defendant because of the plaintiff's negligence.

On January 9, 1944, the plaintiff had a written contract with the United States Guarantee Company, hereinafter referred to as the company, whereby the latter for a substantial consideration agreed to indemnify the former and hold it harmless from and against any losses through any form of fraud or dishonesty by any person. The plaintiff had deposited funds with the defendant. Mary E. Boardman and her daughter E. Irene Boardman were the owners of a savings account with the plaintiff in which there was a balance on deposit of $7492.96. On the date mentioned the Boardmans delivered to Roy F. Brown their account book with the

plaintiff together with a written instrument dated on that day which purported to acknowledge the receipt from the plaintiff of cash in the amount of $75. This withdrawal receipt was signed by both the Boardmans. Thereafter Brown, with intent to defraud, altered the withdrawal receipt by raising the amount to $5000. The next day Brown presented the bankbook with the altered withdrawal receipt to a teller in the employ of the plaintiff and asked for $5000 in cash. The teller had never seen Brown before. He did not examine the writing on the withdrawal receipt except for the signature. It was obvious that the words "five thousand" on the withdrawal receipt were not in the handwriting of either signer. The teller was unwilling to pay Brown the cash because the withdrawal receipt was in a form that contemplated payment directly to a depositor and was not an order for the payment of money to a third person. The teller consulted with the chief teller and they decided to handle the transaction by giving Brown a check for $5000 payable to the order of E. I. Boardman, one of the signers of the withdrawal receipt. Before doing this the teller altered the withdrawal receipt, with the approval of the chief teller, by writing on the form the words "Pay to the order of R. F. Brown," by placing a check mark after the word "check" on the form, by stamping the date "Jan 10, 1944" on the form with a rubber stamp and by initialing the form after the word "teller" so as to convert it into an order to pay the sum of $5000 to Brown by check. The teller, on behalf of the plaintiff, then drew a check on the defendant bank payable to the order of E. I. Boardman only in the sum of $5000 and gave it to Brown for delivery to her. No attempt was made to communicate with either of the Boardmans by telephone. The alterations made in the withdrawal receipt and the delivery of the check to Brown were not

authorized by either of the Boardmans. The $5000 was charged against their joint account.

On the following day Brown deposited the check, bearing the indorsement "E. I. Boardman," in the Second National Bank of New Haven, wrongfully obtained the proceeds and converted them to his own use. The check was indorsed by the Second National Bank and on January 13 was presented to the defendant for payment in the regular course of business. The defendant had no knowledge of the circumstances attending the making of the check and its delivery to Brown or of a claim that the indorsement of the payee was a forgery. The defendant honored the check and charged the amount to the account of the plaintiff. On March 13 the plaintiff wrote the defendant that E. Irene Boardman claimed that the indorsement of her name on the check was forged and requested the defendant to credit the plaintiff's account with $5000. The defendant did not comply with this request. Thereafter the Boardmans brought an action against the plaintiff and defendant herein to recover the amount of the check and secured judgment for $5575 against the plaintiff. This judgment was affirmed by the Supreme Court of Errors. *Boardman* v. *Connecticut Savings Bank et al.*, 133 Conn. 396, 51 A. 2d 925. The judgment obtained by the Boardmans was satisfied by the company pursuant to its contract with the plaintiff.

The fact that the company is the real party in interest and is claiming as subrogee in the case at bar is admitted. Upon the trial in the Superior Court, numerous facts submitted by stipulation were found, on objection, to be irrelevant and immaterial and were excluded by the court. These rulings were assigned as error but are not in issue on the point decided and are therefore not discussed.

The relevant conclusions of the court were that the

teller of the plaintiff was negligent, that this negligence of the plaintiff enabled Brown fraudulently to obtain the proceeds of the check and was a substantial factor in causing the loss which the plaintiff sustained, and that, therefore, the plaintiff could not recover its loss from the defendant even if Brown had forged the indorsement of E. I. Boardman on the check. It further concluded that the company (represented herein by the plaintiff) could not obtain any rights by subrogation against the defendant.

The plaintiff alleged that the defendant had paid out the money on a forged indorsement. It was admitted that unless the plaintiff had proved this fact judgment was properly entered for the defendant. The only evidence offered by the plaintiff on the point was the judgment in the *Boardman* case, supra, which contained a special finding by the jury that the indorsement was not genuine. The plaintiff claimed that this was res adjudicata in the case at bar. The trial court ruled to the contrary and excluded the offer. This left the plaintiff without proof of an essential allegation. The trial court so concluded, but it also held that the plaintiff would be precluded from recovering from the defendant even if the indorsement was forged because of the plaintiff's negligence in handling the transaction. The latter conclusion is decisive of the case. It is therefore unnecessary to decide the correctness of the ruling excluding the judgment. For the purposes of the ensuing discussion, it will be assumed that the ruling was erroneous and that therefore the plaintiff had proved that the indorsement was a forgery.

The plaintiff claims that its acts were not negligent. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. *Botticelli* v. *Winters*, 125 Conn. 537, 542, 7 Atl. (2d) 443. By that is not meant that

one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 A. 2d 402. The facts stated with reference to the acts of the plaintiff justify a conclusion that it was negligent under this rule. It altered the order, changing its legal effect; it made the check payable to one only of the two signers and delivered it to Brown; it failed to check with the Boardmans in spite of the size and unusual character of the transaction. In most of the cases cited by the plaintiff, the element of a material alteration in the depositor's written order is absent. A bank teller who does this does so at his peril.

The plaintiff also claims that, even if it was negligent, its negligence was not the proximate cause of the loss. In testing this claim, "It is not necessary that injury in the precise form suffered should have been foreseen; it is only essential that, viewing the occurrence in retrospect, the consequences were the proximate result of the wrongful conduct of the defendant [plaintiff here]." *Kilduff* v. *Kalinowski,* 136 Conn. 405, 408, 71 A. 2d 593. The presentation of the check by Brown was only possible because of the negligent acts of the plaintiff. The sequence of events was unbroken. Both the existence of negligence and the existence of proximate cause are ordinarily questions of fact. *Skovronski* v. *Genovese,* 124 Conn. 482, 483, 200 A. 575; *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440, 23 A. 2d 512. That was the situation in the case at bar.

Under these circumstances, the drawer (plaintiff)

was precluded from claiming that the check should not be charged to its account, even if the indorsement was forged. General Statutes § 6315; *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 59, 160 A. 296; *Commonwealth* v. *Farmers Deposit Bank*, 264 Ky. 839, 843, 95 S. W. 2d 793; *Defiance Lumber Co.* v. *Bank of California*, 180 Wash. 533, 541, 41 P. 2d 135, 99 A. L. R. 426, and note, 439, 441. A subrogee can obtain no greater rights against a third person than its subrogor had. *Commonwealth* v. *Farmers Deposit Bank*, supra, 845; *Louisville Trust Co.* v. *Royal Indemnity Co.*, 230 Ky. 482, 485, 20 S. W. 2d 71; *Poe* v. *Philadelphia Casualty Co.*, 118 Md. 347, 353, 84 A. 476; 11 Appleman, Insurance Law & Practice, § 6505. Since the plaintiff had no right of recovery against the defendant, the company obtained none. The conclusions of the trial court that the plaintiff was negligent, that this negligence was the proximate cause of the loss and that neither the plaintiff nor the company could recover are fully supported by the facts found.

The cases cited by the plaintiff do not require a contrary holding. Its main reliance is on *Grubnau* v. *Centennial National Bank*, 279 Pa. 501, 124 A. 142, and the dissenting opinions in *Oxford Production Credit Assn.* v. *Bank of Oxford*, 196 Miss. 50, 16 So. 2d 384. The *Grubnau* case is distinguishable from that at bar at least in the respect that the forged signature was that of a depositor of the defendant bank. The law is not as strict with reference to the duty of a drawee bank when the forged signature is that of an indorser. "[W]hen checks are presented to a drawee bank for payment its sole duty is to determine the genuineness of the drawer's signature and as to all other matters, including the genuineness of indorsements, it may rely on the warranties expressed by or implied from the indorsements of the presenting bank." *Hartford-Con-*

*necticut Trust Co.* v. *Riverside Trust Co.,* 123 Conn. 616, 622, 197 A. 766; *Oxford Production Credit Assn.* v. *Bank of Oxford,* supra, 72. In the case at bar the signature of the drawer was that of the plaintiff and was genuine. In the *Oxford* case, supra, there was no negligence on the part of the drawer (plaintiff here).

The conclusions cited above are sufficient to support the judgment for the defendant. It is unnecessary to consider the other issues on appeal.

There is no error.

In this opinion the other judges concurred.