[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants Cole move that Counts 1, 2, 5 and 6 of the plaintiffs' second amended complaint, in which the plaintiffs allege negligent service of alcohol to a minor and reckless and wanton conduct by the defendant, Michael CT Page 10167 Cole, Sr., be stricken.
The Motion to Strike #140, filed June 22, 1992, is denied. The plaintiffs have pled facts sufficient to establish that the defendant owed a duty of care to the plaintiffs, and facts sufficient to establish that the defendant's acts were reckless and wanton.
FACTS
The plaintiffs in this action are Lise Morin, administratrix of the estate of Richard D. Morin, and William Rushlow. The defendants are Robert E. Pepe, the North Italian Home Club, Inc., Edward Evarto, Michael Cole, St. (Cole) and Keith E. Premo. The second amended complaint does not set forth claims against Michael Cole, Jr. The second amended complaint, containing twenty-eight counts, dated April 10, 1992, alleges the following facts:
On the evening of April 13, 1990, Kenneth Keddy, John Snyder, David Mokoski, and Robert E. Pepe drove in Keddy's automobile to a "stag" party being held at the North Italian Home Club, Inc. in Meriden, Connecticut. The party was organized and supervised by the defendant Cole. Pepe, who was not of legal drinking age, volunteered to act as "designated driver" for the evening, promising not to consume alcohol and to drive Keddy, Mokoski, Snyder, and himself home in Keddy's automobile at the conclusion of the party.
While at the North Italian Home Club, Inc., Pepe was provided with alcohol by the defendant Cole, Evarto, Premo, and/or their servants, agents, or employees. Bottles of liquor were raffled off and consumed on the premises and more than one drink at a time was served to Pepe, Keddy, Snyder, and Mokoski. Pepe consumed enough alcohol to become intoxicated, thus impairing his judgment and his ability to drive safely. Likewise, Keddy consumed enough alcohol to become intoxicated.
The defendant Cole and other defendants demanded that Pepe and Keddy leave the premises at approximately 12:00 a.m. on April 14, 1990. Pursuant to this demand, Pepe drove Keddy, Mokoski, and Snyder, in Keddy's automobile, to Pepe's residence in Berlin, Connecticut. Upon arrival, CT Page 10168 Pepe exited the vehicle and entered his home, thus transferring control of Keddy's vehicle back to Keddy. Keddy then drove onto Route 5/15, a public highway, and began heading southbound in the northbound passing lane. The plaintiff's decedent, Richard D. Morin, was driving in the proper direction in the northbound lane of that highway in Berlin, Connecticut, at approximately 1:00 a.m., when his vehicle and Keddy's collided. Decedent Morin was killed in the accident and plaintiff William Rushlow, a passenger in Morin's automobile, was injured.
Defendant Cole filed Motion to Strike #140, with a supporting memorandum of law, on June 22, 1992. The plaintiffs filed a memorandum of law in opposition to defendant Cole's Motion to Strike on December 10, 1992. The plaintiffs' second amended complaint, dated April 10, 1992, is the operative complaint and contains the counts addressed by Motion to Strike #140.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). It admits all well-pleaded facts and those facts necessarily implied from the allegations. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208, 520 A.2d 217 (1987). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original). In deciding the motion to strike, "the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff(s)." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Department, 179 Conn. 541,545, 427 A.2d 822 (1980). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 38, 140, 438 A.2d 27 (1980)
I. Counts 1 and 2: Negligent Service of Alcohol to a Minor
Defendant Cole moves to strike Counts 1 and 2 of the plaintiff's second amended complaint, in which the plaintiffs allege negligent service of alcohol to a minor. CT Page 10169 In these counts, the plaintiffs allege that defendant Cole organized and supervised a stag party, at which alcoholic beverages were served, at the North Italian Home Club, Inc.; that defendant Cole "knew or should have known" that Pepe, who was not of legal drinking age, was a designated driver; that defendant Cole, his agents, servants, employees and/or partners in a joint venture provided alcoholic beverages to Pepe, who was under the legal drinking age, and Keddy; that defendant Cole, his agents, servants, and/or employees, supervised a raffle in which bottles of liquor were distributed as prizes and Pepe and Keddy both consumed liquor that had been raffled off on the premises; that defendant Cole knew or should have known that, in providing alcohol to Pepe, it was foreseeable that Pepe would fail to carry out his obligations as designated driver and that Keddy would operate his own automobile while intoxicated; that defendant Cole "caused, permitted, or encouraged" both Keddy and Pepe to leave the premises, despite the fact that he knew or should have known that such action would lead to the operation of a motor vehicle by an intoxicated person, and that defendant Cole failed to offer Pepe and Keddy alternate means of transportation, did not allow them to remain on the premises until they were no longer intoxicated, and failed to prevent Pepe and/or Keddy from driving while intoxicated.
Defendant Cole argues that Counts 1 and 3 of the second amended complaint should be stricken because the plaintiffs have failed to set forth facts sufficient to establish that he owed a duty of care to the plaintiffs.
Defendant Cole notes that Ely v. Murphy, 207 Conn. 88,540 A.2d 54 (1988), allows a cause of action for negligent service of alcohol to a minor, but asserts that this cause of action must fail in the present case because the plaintiffs have not alleged facts sufficient to establish that he owed the plaintiffs a duty of care. Defendant Cole claims that it could not have been reasonably foreseeable to him that by serving alcohol to Pepe, Pepe would fail to carry out his duties as designated driver and transfer control of Keddy's vehicle back to Keddy, who would then collide with the vehicle being driven by plaintiff's decedent. Defendant Cole also argues that one of the Ely requirements is that the "minor injure the person or property either of himself or of another in consequence of CT Page 10170 his intoxication."
The plaintiffs counter that they have set out facts sufficient to establish a duty owed by Cole to the plaintiffs and that pursuant to Ely v. Murphy, supra, they have set forth a legally sufficient cause of action for negligent service of alcohol to a minor. The plaintiffs argue that the basis for finding a duty is the foreseeability of the likelihood of injury to others as a result of one's acts. The plaintiffs argue that a reasonable person in defendant Cole's position could have anticipated that the plaintiffs harm would result from serving alcohol to a minor whom he knew or should have known was acting as a "designated driver", and that, therefore, the plaintiffs have alleged facts sufficient to establish a duty of care owed by defendant Cole to the plaintiffs.
The existence of a duty is a question of law that may properly be tested by a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171,544 A.2d 1185 (1988). "Where there is no legal duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence." (Citations omitted). Neal v. Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102 (1974).
"A duty to use care may arise . . . from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox, Inc.,186 Conn. 3709, 375, 441 A.2d 620 (1982).
 "`The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . [T]he test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?'" Orlo v. Connecticut Co., 128 Conn. 231, 237, 21 A.2d 402 (1941). CT Page 10171
Neal v. Shiels, Inc., supra, 12, quoting Connecticut Savings Bank v. First National Bank Trust Co., 138 Conn. 298,303-04, 84 A.2d 267 (1951).
The defendant's contention is that it was not foreseeable that Pepe, who was allegedly known to be intoxicated would transfer possession of the vehicle to his friend, companion and owner of the vehicle, who was also allegedly known to be intoxicated. Foreseeability is a factor of proximate cause. "The matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect." Ely v. Murphy, supra, 897. The complaint sets forth sufficient allegations of fact to place the matter of proximate cause before the trier of fact.
The plaintiffs have alleged that defendant Cole, his agents, servants, and/or employees, served alcohol to Pepe, who was not of legal drinking age, when defendant Cole knew or should have known that Pepe had volunteered to act as "designated driver" that night. Viewing the facts alleged in the light most favorable to the plaintiffs, the court may find that it could have been reasonably foreseeable to defendant Cole that such actions would lead to Pepe's failure to carry out his duties' as designated driver, and thus that Keddy, who defendant Cole knew or should have known was intoxicated, would drive the vehicle and collide with the automobile driven by decedent Morin. The court finds that the plaintiffs have alleged facts sufficient to allow the trier of fact to determine that defendant Cole owed a duty of care to the plaintiffs. The Motion to Strike #140 as to Counts 1 and 2 for the plaintiffs' second amended complaint is denied.
II. Counts 5 and 6: Reckless and Wanton Conduct
Defendant Cole also moves to strike Counts 5 and 6 of the plaintiffs' second amended complaint. In these counts, the plaintiffs allege that the conduct of defendant Cole was reckless and wanton in that he, his agents, servants, and/or employees, sold or delivered liquor to a minor in violation of General Statutes 30-86; provided Pepe, a minor, with such an amount of alcohol that he knew or recklessly disregarded circumstances indicating that Pepe would reach a state of intoxication which would lead him to CT Page 10172 neglect his duties as "designated driver" and render him unable to safely operate an automobile; provided Keddy and Pepe with alcoholic beverages before the first serving had been substantially consumed in violation of Dept. Reg.30-6-A24b(b)(1); sold and/or distributed bottles of liquor through a raffle which were consumed on the premises; failed to instruct those present not to consumed the raffled bottles of liquor; failed to prevent those present from consuming the raffled bottles of liquor; served more than one alcoholic beverage to Keddy and others when he knew or recklessly disregarded circumstances which indicated that those alcoholic beverages would be consumed by Pepe; failed to provide properly trained personnel to supervise the distribution of alcohol at the party; sold or delivered alcohol to Pepe while knowing or recklessly disregarding facts indicating the creation of an unreasonable risk of harm to the plaintiffs; failed to offer Keddy or Pepe alternative means of transportation; demanded that Keddy and Pepe leave the premises when he knew or recklessly disregarded circumstances indicating that such action would lead to the operation of an automobile by an intoxicated person; failed to prevent Pepe from driving while intoxicated; and failed to take steps to insure that Pepe would fulfill his duties as designated driver.
Defendant Cole argues that the plaintiffs have pled the same factual allegations to support their claims of reckless and wanton conduct as they have pled in their claims for negligence in Counts 1-4 of their second amended complaint. Defendant Cole further argues that the plaintiffs have failed to set forth specific facts which would give rise to the possibility that defendant Cole acted in a reckless or wanton manner.
In opposition to the motion to strike, the plaintiffs argue that the difference between "negligence" and "recklessness" hinges upon the defendant's state of mind, and that the plaintiffs cannot be expected to plead "with absolute precision, facts wholly within the control of the Defendant, such as facts relating to his state of mind." (Plaintiffs' Memorandum of Law in Opposition of Defendant Cole's Motion to Strike, p. 15). The plaintiffs argue that the "essential allegation" of Counts 5 and 6 is that defendant Cole provided alcoholic beverages to a minor when he knew or should have known that Pepe was acting as the CT Page 10173 "designated driver" for the intoxicated owner of an automobile.
The general rule in this jurisdiction is that no common law cause of action in negligence may be brought against an individual who furnishes alcohol to a person who voluntarily becomes intoxicated and causes damage to himself or another. Nolan v. Morelli, 154 Conn. 432, 436,226 A.2d 383 (1967). This is because the "proximate cause of the intoxication was not the furnishing of the liquor but the consumption of it by the purchaser or donee." Kowal v. Hofher, supra, where the Connecticut Supreme Court held that "one ought to be required, as a matter of policy, to bear greater responsibility for consequences resulting from his act when his conduct is reckless or wanton than when his conduct is merely negligent." (Emphasis added). Id., 361. Thus, the imposition of common law liability is allowed where the defendant's actions are reckless and wanton.
In the present action, the plaintiffs have alleged in Counts 5 and 6 of the second amended complaint that defendant Cole acted recklessly and wantonly in causing the plaintiffs' damages. In order to state a legally sufficient cause of action for reckless or wanton conduct, "[t]he mere use of the words `reckless' and `wanton' [will be] insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A cause of action claiming wanton and reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513,603 A.2d 1173 (1992), quoting Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970).
"Willful", "wanton", or "reckless" conduct is that which "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, a situation where a high degree of danger is apparent." (Internal quotation marks omitted). Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1989). It is well established that
 [t]here is a wide difference between negligence and reckless and wanton misconduct. CT Page 10174 "`Recklessness is a state of consciousness with reference to consequences of one's acts. It "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." It is "more than negligence, more than gross negligence.'"
(Citations omitted). Sheiman v. Lafayette Bank Trust Co., supra, 45 Reckless and wanton conduct "`is such conduct as indicates a reckless disregard of the just rights and safety of others or of the consequences of action.'" Kowal v. Hofher, supra, 362, quoting Menzie v. Kalmonowitz. 107 Conn. 197, 199, 139 A. 698 (1928).
In addition, "[a] claim for wanton and reckless conduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis.7 Conn. L. Rptr. 230, 231 (September 14, 1992, Leuba, J.); see Sheiman v. Lafayette Bank Trust Co., supra, 46. To survive a motion to strike, the plaintiffs "must plead actual facts which indicate the defendant[s] knowingly served an intoxicated person, not just conclusions." Muckle v. Francis.[,] supra.
In Counts 5 and 6, the plaintiffs have alleged that defendant Cole, his servants, agents and/or employees, sold or delivered liquor to Pepe, a minor, when he knew or should have known that Pepe was acting as a designated driver that evening. Plaintiffs have further alleged that defendant Cole, his agents, servants, and/or employees, knew or recklessly disregarded circumstances which indicated that Pepe and Keddy were too intoxicated to safely operate a motor vehicle, yet demanded that the two leave the premises without offering them alternate transportation or allowing them to stay on the premises until they were no longer intoxicated. Viewing the facts alleged in the light most favorable to the plaintiffs, the court determines that these factual allegations, while CT Page 10175 similar to those alleged in support of the plaintiffs' negligence claims, allow the plaintiff to establish that defendant Cole acted with reckless disregard of or indifference to the just rights and safety of others. The Motion to Strike #140 as to Counts 5 and 6 of the plaintiffs' second amended complaint is denied.
L. Paul Sullivan, J.