## MARYLAND CASUALTY COMPANY *v.* THE TRANE COMPANY ET AL.

Superior Court — Judicial District of Hartford — File No. CV980579889S

Memorandum filed August 10, 1999

*Pomeranz, Drayton & Stabnick,* for the plaintiff.

*Danaher, Tedford, Lagnese & Neal,* for the named defendant.

*Law Office of Michael Feldman,* for the defendant Enterprise Plumbing and Heating, Inc.

No appearance for Leach Building Company.

I

FACTS

RITTENBAND, J. The following facts are undisputed. First, Leach Building Company (Leach and/or the insured and/or the subrogor), was the general contractor for construction work being done at Yale University Law School (law school).

Second, the plaintiff, Maryland Casualty Company (Maryland Casualty and/or the insurer and/or the subrogee), provided a general commercial liability insurance policy to Leach, which covered this job at the law school. This policy was in effect at all times relevant thereto.

Third, Leach hired the defendant Enterprise Plumbing and Heating, Inc. (Enterprise and/or the subcontractor), as a subcontractor to do the plumbing and heating installation.

Fourth, The Trane Company (Trane) furnished the fan coil units to be installed by Enterprise; these units were defective.

Fifth, Maryland Casualty paid Leach, under its policy, $229,739.50, the cost to repair and/or replace the units.

Sixth, Maryland Casualty, claiming to have been subrogated to the rights of Leach against those entities claimed to be responsible for the damages it paid to Leach, instituted this action against those claimed to be responsible or liable for the aforementioned damages including, inter alia, Enterprise and Trane.

Seventh, and finally, Enterprise has brought this motion for summary judgment on count two (product liability as a product seller), count three (breach of contract with Leach) and count four (agreement to indemnify Leach), claiming that Leach agreed in writing to waive its subrogation rights against Enterprise and that Maryland Casualty is bound by that waiver. Maryland Casualty and Enterprise filed briefs, and a hearing was held before this court on June 14, 1999. Maryland Casualty had not furnished a copy of its policy with Leach by that date. It was subsequently submitted with the brief and Enterprise has responded with a reply brief.

## II

## STANDARD OF REVIEW

"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Bartha* v. *Waterbury House Wrecking Co.*, 190 Conn. 8, 11, 459 A.2d 115 (1983).

A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. *Plouffe* v. *New York, N. H. & H. R. Co.*, 160 Conn. 482, 488, 280 A.2d 359 (1971). The test has been said as one "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 297, 600 A.2d 1040 (1991).

### III

### ISSUES

The first issue is the interpretation of the terms of the contract between Leach and Enterprise. It is well settled law that "[i]t is the function of the court to construe the provisions of the contract of insurance." (Internal quotation marks omitted.) *O'Brien* v. *United States Fidelity & Guaranty Co.*, 235 Conn. 837, 842, 669 A.2d 1221 (1996). "The '[i]nterpretation of an insurance policy, like the *interpretation of other written contracts*, involves a determination of the intent of the parties as expressed by the language of the policy.' " (Emphasis added.) *Springdale Donuts, Inc.* v. *Aetna Casualty & Surety Co. of Illinois*, 247 Conn. 801, 805, 724 A.2d 1117 (1999). "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 131, 523 A.2d 1266 (1987). This court finds that the intent of the parties

as expressed by the language of the contract between Leach and Enterprise is clear and unambiguous. There is, therefore, no genuine issue of material fact, and the question, then, is whether Enterprise is entitled to judgment as a matter of law on the complaint.

The second issue is the validity of Leach's waiver of its subrogation rights. Paragraph 21 of the contract between Leach and Enterprise states in pertinent part: "Waiver of Subrogation *Contractor and Subcontractor waive all rights* they may have against one another for damages covered by property insurance, workers compensation, commercial general liability and auto-mobile insurance. Subcontractor waives all rights it may have against owner for damages covered by property insurance. Subcontractor shall, and shall cause its Vendors, Suppliers and Sub-subcontractors to, waive all rights they may have against Contractor and/or each other for damages caused by fire or other perils covered by insurance, except the rights to proceeds." (Emphasis added.)

Maryland Casualty claims that paragraphs 20 and 9 (b) somehow amend or dilute paragraph 21. Paragraph 9 (b) sets forth obligations of the subcontractor, Enterprise, to the contractor, Leach, and has nothing to do with subrogation. Paragraph 20 provides for indemnification by the subcontractor to the contractor and also does not include any provision regarding subrogation. Maryland Casualty also claims that the words in paragraph 20 (c) are applicable and that paragraph states in pertinent part:

"The Subcontractor shall carry at his own expense Workers Compensation and Employer's Liability, Comprehensive General Liability, Automobile Liability, and Excess (Umbrella) Liability Insurance with limits of not less than those set forth:

|  | Limits of Liability | |
| Type Of Insurance | Each Occurrence | Aggregate |
| (1) *WORKERS COMPENSATION | Statutory | Statutory |
| and | | |
| EMPLOYER'S LIABILITY | $500,000 | Not Applicable |

*This coverage must be endorsed with waiver of subrogation endorsement, waiving the carrier's rights of recovery under subrogation or otherwise from Contractor."

Maryland Casualty claims that somehow this paragraph put Enterprise on notice that there must be an endorsement by Maryland Casualty of the waiver of subrogation. As can be plainly seen, however, the asterisk applies only to workers' compensation. On the basis of the principle that "the inclusion of one is the exclusion of others" Enterprise could easily construe this as meaning that such waiver is required only for workers' compensation and is not necessary for any other type of insurance. In sum, this court finds that the waiver in paragraph 21 is clear and unambigious and is a valid waiver of subrogation rights by Leach.

The next issue is whether Maryland Casualty is bound by the waiver of its insured, Leach. The answer to that question is "yes." There is no question that the insurance policy prohibits waiver of subrogation rights by the insured, Leach, and Maryland Casualty may well have a cause of action for breach of the insurance policy against Leach. Maryland Casualty cites case law from other states as well as federal cases. Connecticut law on this issue, however, is expressed in *Orselet* v. *DeMatteo*, 206 Conn. 542, 546–47, 539 A.2d 95 (1988), which states: " '[T]he insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law,

stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured.' 44 Am. Jur. 2d 785–86, Insurance § 1795. In an unrelated area we applied the principle that is controlling here regarding the relationship between a subrogor and a subrogee. We stated that '[a] subrogee can obtain no greater rights against a third person than its subrogor had.' *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 138 Conn. 298, 305, 84 A.2d 267 (1951). We adhere to this principle."

Since the court has already found that the insured, Leach, has waived its subrogation rights to Enterprise, it is clear that based upon the foregoing Maryland Casualty, as subrogee, stands in the place of Leach and succeeds to whatever rights Leach may have in this matter. A defense which the alleged wrongdoer, Enterprise, has against the insured, Leach, is good against the insurer.

Maryland Casualty in the present case is seeking to have superior rights to its subrogor, Leach, which is contrary to Connecticut law as expressed previously. The waiver, which is Enterprise's defense as to Leach, is also valid against Maryland Casualty.

Enterprise entered into a contract with Leach and part of the consideration to Enterprise was the waiver of Leach's subrogation rights. Maryland Casualty, therefore, cannot be subrogated to Leach's rights against Enterprise. To do so would deny Enterprise the consideration it obtained in its contract with Leach.

## IV

## CONCLUSION

For the foregoing reasons, this court concludes that there is no genuine issue of material fact and that Enter-

prise is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment as to counts two, three and four of Maryland Casualty's revised complaint dated December 10, 1998, is granted.