[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case began as an action by the plaintiff property owners against the defendant title insurance company for damages based on a claim of defective title. The basis of the plaintiffs' complaint is that Town CT Page 4723 of Harwinton claims ownership rights to a portion of the insured property, a fifty-foot strip providing access to Hill Road for the remainder of the insured premises. The title insurance company then received court permission to implead the Town of Harwinton as a third-party defendant. The court on its own motion has raised the issue of subject matter jurisdiction over certain claims made by the plaintiff[1] and third-party plaintiff.[2] For the reasons stated below, the court finds that it lacks subject matter jurisdiction over those claims as implied in the complaint and raised directly by the second and third counts of the third-party complaint.
This case was previously before the court on a motion by the third-party defendant Town of Harwinton to strike the third count of the third-party complaint for failure to exhaust administrative remedies. At oral argument of the motion to strike, all parties conceded that the plaintiffs had never formally presented a subdivision application to the Town. The complaint, however, read most favorably to the plaintiffs as is required for a motion to strike, was nonetheless consistent with such an application having been presented. The court thus denied the motion to strike but on its own motion raised the question of its jurisdiction. In response, the Town has filed an affidavit from the chairman of the Harwinton Planning Division stating that the plaintiffs "have never filed an application with the Harwinton Planning Commission to subdivide their property."
It is well-settled under Connecticut law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. O GIndustries, Inc. v. Planning Zoning Commission, 232 Conn. 419,655 A.2d 1121 (1995). A party need not exhaust an administrative remedy, however, that would be futile or useless. Concerned Citizensof Sterling v. Town of Sterling, 204 Conn. 551, 529 A.2d 666 (1987);Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, 544 A.2d 152
(1988). "[A]n administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." O GIndustries, Inc. v. Planning Zoning Commission, supra, 232 Conn. 426.
Any multi-unit subdivision proposed by the plaintiffs would not comply with the Town's zoning regulations, which require frontage on a public road before the Planning Commission may approve a subdivision proposal.[3] Despite those regulations, however, the court cannot find that it would necessarily have been futile for the plaintiffs to present a subdivision application to the Planning Commission. Section 13a-55 of the General Statutes would appear to CT Page 4724 give plaintiffs a right of access, as the third-party plaintiff alleges in the second count of the third-party complaint, over the Old Berber Road on the fifty-foot strip.
Under § 13a-55, property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, "have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway." It is unclear from the express language of the statute whether that right of way would include the rights to subdivision development on plaintiffs property. The Connecticut courts do not appear ever to have addressed that question.
In Luf v. Southbury, 188 Conn. 336, 449 A.2d 1001 (1982), the court considered a similar question. After the town in that case discontinued an unimproved portion of a public highway, the plaintiff owners of unimproved abutting land sought damages for the discontinuance. As here, they claimed that deprivation of their access to a public road constituted a taking of their property for which the town was required to pay compensation because they had lost their ability to develop a multi-unit subdivision on the land. The parties in that case disputed the validity and effect of the right of way created by § 13a-55. They also disputed whether local zoning regulations would permit subdivision development with access only to private roads. See Supreme Court Records and Briefs in Luf v.Southbury, argued June 11, 1982: Brief of Defendant/Appellant, p. 7; Plaintiff's Brief with Appendix, pp. 35-36. The court held there that the plaintiffs' failure to submit the question as to the effect of §13a-55 to the local authorities was fatal to their claim:
 [W]e do not know whether there has been a taking on this basis because we cannot predict what response the plaintiffs would encounter if they were to present subdivision proposals of their own to the appropriate Southbury authorities. Although we have been alerted to the existence of numerous local regulations that may pose problems, we cannot predict how they would be applied or what account they would take of the plaintiffs continued access rights over East Hill Road. Nor may we assume that the proper authorities would turn away the plaintiffs' applications for improper political reasons. As we have repeatedly held under similar circumstances, "[u]ntil it appears that the plaintiff has been finally deprived CT Page 4725 . . . of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation."
(Citations omitted.) 186 Conn. at 351-352.
Whether the Zoning Regulations of the Town expressly authorize the Planning Commission to make an exception to the requirement of frontage because of § 13a-55 is not relevant to the futility question. As a municipal unit, the commission is required to follow all pertinent state and federal law. A municipality, being a creature of the state and deriving its governmental power from the state, cannot prohibit what a state requires. State v. Brennan, 3 Conn. Cir. Ct. 413, 216 A.2d 294 (1965). When a statute and a municipal ordinance conflict, the statutory terms must prevail. Sheehan v.Altschuler, 148 Conn. 517, 172 A.2d 897 (1961); State v. Gordon,143 Conn. 698, 125 A.2d 477 (1956). The duty to make an exception to the frontage requirement, if required by state law to do so, moreover, would defeat any claim of an unconstitutional taking unless the Town refused to follow the terms of § 13a-55 after being asked to do so."[4]
The court agrees with the Town's argument that despite the language of the zoning regulations, the plaintiffs should have given the Town's Planning Commission an opportunity to consider the claims made in the second count of third-party complaint — that the property has a right of way over the 50-foot strip that would include the right to develop the parcel for subdivision use. In this case, just as in Luff, the court finds that the failure to present deprives the court of subject matter jurisdiction over those claims.
The second count of the third-party complaint claims that the Town improperly refused or denied the plaintiffs' request for subdivision approval because the plaintiffs continue to have a right of way over the 50-foot strip. That claim also depends on the legal significance to the plaintiffs' rights of § 13a-55, a claim that the plaintiffs never presented to the planning commission. As subrogees of the plaintiffs, the insurance company may only raise claims that the plaintiffs themselves could raise. "`A subrogee can obtain no greater rights against a third person than its subrogor had.' ConnecticutSavings Bank v. First National Bank Trust Co., 138 Conn. 298, 305,84 A.2d 267 (1951)." Orselet v. Dematteo, 206 Conn. 542, 547,539 A.2d 95 (1988). As plaintiffs never presented any claims to the planning commission that § 13a-55 would override the frontage requirements of the Town's zoning requirements, neither they nor CT Page 4726 their subrogee, the third-party plaintiff, may present that claim because of the plaintiffs failure to exhaust their administrative remedies. The court accordingly dismisses the second count of the third-party complaint.
The third count of the third-party complaint specifically claims that the Town's denial or refusal to entertain a subdivision application "improper and uncompensated taking" of the plaintiffs' property. The court also dismisses that count because the plaintiffs failed to exhaust their administrative remedies by presenting claims under § 13a-55.
The first count of the third-party complaint contests the Town's assertions of ownership over the 50-foot strip and the Town's claim that it discontinued a road on the southern boundary of the plaintiffs' property. The fourth count of the third-party complaint alleges that if the town is correct in asserting that the 50-foot strip was discontinued as a public road, then ownership of that road has reverted to the plaintiffs. Both these counts may remain, as they are in the nature of actions to quiet title and do not depend on a failure to exhaust administrative claims.
The plaintiffs' complaint appears to rely primarily, but not exclusively, on their claimed inability to subdivide their property because of the Town's purported refusal to entertain their subdivision request. Paragraph six of the complaint could be construed to allege that the loss of the 50-foot strip from their property has caused a reduction in the value of their property; irrespective of its development rights.[5] This court finds that it has no jurisdiction over any claims that the value of plaintiffs' property has been reduced by their inability to subdivide the property, and dismisses all such claims. To the extent that the plaintiffs claim other damages by loss of the 50-foot strip, they may so claim in a revised complaint.
Accordingly, the court dismisses all claims made by the plaintiff or third party plaintiff that the Town has denied or refused to entertain plaintiffs' request for subdivision rights — in particular, the second and third counts of the third-party complaint and all claims made directly or indirectly in the complaint. In addition, the court orders the plaintiff to file a revised complaint omitting any such claims and separately specifying any other claims for relief; and the defendants may then file any responsive pleadings addressed to the complaint. CT Page 4727
SO ORDERED
BY THE COURT
Frazzini, J.